No. 14373

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DAVID L. AZURE,

Defendant and Appellant.

Appeal from: District Court of the Twelfth Judicial District,
Honorable Leonard Langen, Judge presiding.

Counsel of Record:

For Appellant:

Sias, Ranstrom and Graham, Chinook, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
William M. Solem, County Attorney, Chinook, Montana

Submitted on briefs: October 12, 1978

Decided NOV 1 1978

Filed: NOV 1 1978

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals from the sentence imposed upon him following his conviction of mitigated deliberate homicide in the District Court of Phillips County.

This appeal marks the second time this case has been before this Court. See State v. Azure (1977), ____Mont.____, 573 P.2d 179, 34 St.Rep. 1569. While we held the District Court erred in not allowing defendant to withdraw his guilty plea to deliberate homicide we remanded the case to the District Court for trial.

Defendant was charged with killing Randy Lewis on June 23, 1976, and went on trial for deliberate homicide in April, 1978. He was convicted of mitigated deliberate homicide.

On April 17, 1978, defendant received a 40-year sentence providing that he would not be eligible for parole until he had served one-half of his term, less good time allowances. Defendant now appeals from the sentence imposed.

The sole issue on appeal is whether the imposition of a sentence for conviction under statutes not in force at the time the offense was committed is an ex post facto application of the law and therefore unconstitutional. We hold that it is under authority of State v. Gone (1978), ____Mont.____, ____P.2d____, 35 St.Rep.____.

A law which eliminates or delays a defendant's parole eligibility after the criminal offense has been committed is ex post facto as applied to that defendant. State v. Gone, supra; State ex rel. Nelson v. Ellsworth (1963), 142 Mont. 14, 380 P.2d 886; Greenfield v. Scafati (D.Mass. 1967) 277 F.Supp. 644, aff'd per curiam (1968), 390 U.S. 713. The State agrees with defendant that the applications of these statutes is ex post facto in his case.

As in Gone, we strike the provision eliminating parole

eligibility until one-half of his term is served, less good time allowances.

_Frank I. Haswell_
Chief Justice

We concur:

_Gen B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14373

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

DAVID L. AZURE,

Defendant and Appellant.

ORDER

PER CURIAM:

IT IS ORDERED that the opinion in the above named cause, decided on November 1, 1978, be amended as follows:

Please add "As so modified, the sentence is affirmed." as the last paragraph of the opinion.

DATED this 6th day of November, 1978.

_____
Chief Justice

_____

_____

_____

_____
Justices