No. 80-45

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

WILLIAM L. BEACHMAN,

        Defendant and Appellant.

Appeal from: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, the Honorable
Robert C. Holter, Judge presiding.

Counsel of Record:

    For Appellant:

    Donald L. Shaffer, Libby, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
William Douglas, County Attorney, Libby, Montana

Submitted on Briefs: July 10, 1980

Decided: September 3, 1980

Filed: SEP 3 - 1980

_Thomas J. Kearney_

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal arises from a conviction of defendant of obstruction of justice, a felony, under section 45-7-303, MCA, in the Nineteenth Judicial District, Lincoln County, the Honorable Robert M. Holter presiding.

On or about June 23, 1975, at the Pack Rat mining claim near Libby, Montana, David Iocca was shot twice in the back of the head, killed and buried. Prior to that date Iocca, Randall Craig Baugh, and defendant had lived together at the Pack Rat cabin. Shortly after the decedent was shot, Baugh and defendant fled the state.

Baugh surrendered himself to authorities in late 1975. He was subsequently convicted of deliberate homicide and sentenced to seventy-five years in prison.

Defendant was apprehended in Arizona in April 1979. He was charged under an amended information with deliberate homicide, or, in the alternative, obstructing justice by assisting Baugh in the burial of Iocca. The jury acquitted defendant of deliberate homicide and convicted him of obstructing justice.

Prior to defendant's trial, Baugh confessed to investigators that he alone had murdered and buried Iocca. Baugh then submitted to a polygraph examination, the results of which tended to support his statement that he alone had killed Iocca but showed indications of deception as to Baugh's statement that defendant was not involved in the burial.

The prosecution filed a pretrial motion in limine seeking exclusion of the polygraph and its results. The trial court ruled the evidence inadmissible. Baugh then testified during the State's case-in-chief relating his

version of the events surrounding Iocca's death. His testimony was substantially the same as his prior confession except it indicated that defendant helped in the burial of Iocca.

The State also filed a motion in limine to prohibit the defense from making any reference to the Lincoln County Attorney having offered marijuana to defendant on the night before the murder. The trial court excluded all such evidence, ruling it irrelevant.

After trial defendant was sentenced to ten years in prison, designated a dangerous offender and declared ineligible for parole under section 46-18-202, MCA.

On appeal defendant first raises the issue of whether the trial court erred by granting the State's motion in limine to exclude evidence of Baugh's polygraph examination.

The rule in Montana is that the results of polygraph examinations are not admissible as evidence in a criminal trial. State v. Hollywood (1960), 138 Mont. 561, 358 P.2d 437; State v. Cor (1964), 144 Mont. 323, 396 P.2d 86; State v. Campbell (1978), 176 Mont. 323, 579 P.2d 1231, 35 St.Rep. 1080; State v. Bashor (1980), ____ Mont. ____, ____ P.2d ____, 37 St.Rep. 1098.

Defendant, relying on State v. Dorsey (1975), 87 N.M. 323, 532 P.2d 912, argues that polygraph testimony, which is exculpatory, is admissible notwithstanding a state's rules prohibiting its admission. Without ruling on whether the polygraph testimony in this instance is exculpatory, this Court merely needs to note we have declined to follow Dorsey and the rationale expressed by the New Mexico court in that case. See Bashor, 37 St.Rep. at 1108.

Defendant also argues that the polygraph testimony should be admissible under a standard generally applied to expert testimony. Relying on the rationale expressed in Bashor and United States v. Alexander (8th Cir. 1975), 526 F.2d 161, we disagree.

Rule 702, Mont.R.Evid., allows expert opinion to be introduced at trial if specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. The only thing the polygraph result can accomplish in this instance is to support the credibility of Baugh as to his testimony. Baugh's credibility is not a fact in issue in this action; thus, the opinion of the polygraph operator as to the truthfulness of the statements made, does not fall within the scope of Rule 702, Mont.R.Evid.

It is distinctly the jury's province to determine whether a witness is being truthful. Baugh testified fully at trial to every item that he testified to during the polygraph examination. The jury was able to determine whether this testimony was credible. The polygraph expert in this case would be directly invading the province of the jury if he had been allowed to offer his opinion as to whether Baugh had been telling the truth. See Bashor, 37 St.Rep. at 1109.

For the reasons stated, we find the trial court did not err in excluding the evidence of the polygraph examination.

The second issue raised by defendant on this appeal is whether the trial court erred in granting the State's motion to exclude defendant's testimony that he had smoked marijuana with the prosecutor the night before the offense. The trial court in excluding the offered evidence reasoned that it was not relevant, or if relevant, that its probative value was outweighed by its prejudicial effect.

-4-

Rule 401, Mont.R.Evid., defines relevant evidence as "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable than it would be without the evidence." (Emphasis supplied.)

The basis of the State's charge of obstruction of justice against defendant as indicated in the amended information was that he assisted Baugh in the burial of Iocca, thereby aiding in the suppression and concealment of the homicide committed by Baugh.

The evidence sought to be admitted was offered to show defendant was not encouraged by the law officers in Lincoln County at the time Iocca was killed and thus had reason to fear he would not get a just, fair trial; consequently, instead of going to the authorities he fled the state.

It is possible that defendant entertained the belief he could not receive a fair trial in Lincoln County. Thus, the testimony as to his encounter with the prosecutor the night before the murder was relevant as to show defendant's intent for leaving the area. However, the fact that defendant fled the area is not of major consequence to the determination of this action. The gravamen of the obstruction of justice charge is defendant's state of mind at the time he was assisting Baugh in the burial of Iocca's body. The evidence sought to be admitted had little, if any, probative value as to this question.

Rule 403, Mont.R.Evid., allows the trial court, in its discretion, to balance the probative value of evidence as against its tendency to prejudice or confuse and mislead the jury. State v. Rollins (1967), 149 Mont. 481, 428 P.2d 462; State v. Breitenstein (1979), _____ Mont. _____, 591 P.2d

233, 36 St.Rep. 403; State v. Azure (1979), ___ Mont. ____,
591 P.2d 1125, 36 St.Rep. 514.

The evidence in this instance is prejudicial in that it tends to cast the prosecutor in a less than favorable light and would result in a trial within a trial as to his alleged behavior. More important, since the evidence is not probative to defendant's state of mind as he was assisting in the burial, the testimony would only have directed the jury's attention from the principal issue and thereby create a confused and misled jury as to defendant's guilt or innocence.

Defendant argues that the probative value of the evidence outweighs any unfair prejudice or confusion of the issues. We disagree. The evidence sought to be admitted is collateral, focusing only on defendant's intent or motive in failing to go to the authorities in Lincoln County and not on defendant's intent or motive in assisting Baugh. The evidence having little relationship to the main fact in issue, it cannot be said the probative value clearly overrides the evidence's prejudicial and confusing nature. Consequently, we cannot find the trial court erred in its exclusion.

The final issue raised on appeal is whether the trial court erred in sentencing defendant under a statute not in effect when the offense was committed.

The offense in this case occurred in late June 1975. Defendant was apprehended, tried and convicted in 1979. In sentencing defendant, the trial court declared him a dangerous offender under section 46-18-404, MCA, and declared him ineligible for parole under section 46-18-202, MCA. Both statutes were enacted in the 1977 legislative session and became effective on July 1 of that year.

Application of a law which eliminates or delays a defendant's parole eligibility after the criminal offense has been committed is ex post facto as applied to that defendant and, therefore, unconstitutional. State v. Gone (1978), ___ Mont. ___, 587 P.2d 1291, 35 St.Rep. 1540; State v. Azure (1978), ___ Mont. ___, 587 P.2d 1297, 35 St.Rep. 1559. We order such restriction stricken from the judgment and sentence.

The judgment of the District Court is affirmed as modified.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-7-