No.   92-021

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

WILLIAM NEWTON ROSE,

     Plaintiff and Appellant,

-vs-

JACK McCORMICK, Warden Montana State Prison,

     Defendant and Respondent.

FILED

MAY 1 2 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     William Newton Rose, Pro Se, Deer Lodge, Montana

     For Respondent:

     James B. Obie and David L. Ohler, Attorneys at Law,
Department of Corrections and Human Services,
Helena, Montana

Submitted on Briefs:   April 15, 1992

Decided:   May 12, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

William Newton Rose (Rose) appeals a September 13, 1991 opinion and order of the Third Judicial District, Powell County, which dismissed his petition for declaratory judgment requesting that he be designated a nondangerous offender for parole eligibility purposes. We affirm.

We rephrase the issues presented on appeal as follows:

Did the District Court err when it determined that Rose could not be designated as nondangerous and therefore must serve one-half of his sentence before becoming eligible for parole under § 95-2206.16, R.C.M. (1947)?

Rose was convicted by a jury of burglary in 1978. At the time he committed this offense, he was on parole. The District Court sentenced Rose to twenty-five years imprisonment and held that he was ineligible for parole "because of his (Defendant's) past criminal record and his conduct while released on parole or furlough," under § 95-2206(3)(b), R.C.M. (1947).

In 1984, the Sentence Review Board amended Rose's sentence to ten years for burglary and fifteen years for being a persistent felony offender, these sentences to run consecutively, and removed his designation of being ineligible for parole.

Both the original sentence and amended sentence were silent as to whether Rose was to be designated as a nondangerous offender. Because neither sentence designated him as nondangerous, Montana

2

Prison Warden Jack McCormick (McCormick) determined that he must serve one-half of his sentence before becoming eligible for parole under § 95-2206.16, R.C.M. (1947).

In February 1991, Rose petitioned the District Court for declaratory judgment alleging that McCormick improperly designated him as a dangerous offender because he had never been charged nor sentenced as a dangerous offender. In an opinion and order dated September 13, 1991, the District Court dismissed Rose's petition holding that because Rose was convicted of two felony offenses in a five-year period, he could not be designated as nondangerous and therefore must serve one-half of his sentence before becoming eligible for parole under § 95-2206.16(1)(a), R.C.M. (1947).

Thereafter, Rose filed an objection to the District Court's opinion and order. The District Court did not rule on Rose's objection. Rose then filed this appeal.

Did the District Court err when it determined that Rose could not be designated as nondangerous and therefore must serve one-half of his sentence before becoming eligible for parole under § 95-2206.16, R.C.M. (1947)?

In 1978, an offender was required to serve one-half of his or her sentence less good time allowance before becoming eligible for parole. A nondangerous offender designation required an offender to serve one-fourth of his or her sentence less good time allowance

3

before becoming eligible for parole.    See § 95-3214(1), R.C.M. (1947).

In 1978, § 95-2206.16, R.C.M. (1947), provided in pertinent part:

> (1)   The sentencing court shall designate an offender a nondangerous offender for purposes of eligibility for parole under 95-3214 if:
>
> (a)    during the 5 years preceding commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed;   or
>
> (b)   the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

In 1979, an Attorney General Opinion interpreting § 95-2206.16, R.C.M. (1947), then recodified as § 46-23-201(1), MCA, determined that unless an offender is expressly designated as nondangerous, that offender must serve one-half of his or her sentence before parole eligibility.  38 Op. Att'y Gen. 33 (1979).

Rose argues that the District Court erred when it failed to designate him as a nondangerous offender because he was never charged nor sentenced as a dangerous offender.  He argues that even though § 95-2206.16, R.C.M. (1947) and the 1979 Attorney General Opinion required the court to expressly designate him a nondangerous offender, subsequent amendments to this statute  mandate that he now be designated as nondangerous.

4

We hold that § 95-2206.16, R.C.M. (1947), the statute in effect at the time of Rose's sentencing in 1978, is the statute applicable to these facts.  See State v. Gone (1978), 179 Mont. 271, 280, 587 P.2d 1291, 1297.  Under this statute, William Newton Rose must serve one-half of his sentence before he is eligible for parole because he was not expressly designated a nondangerous offender.  The District Court's opinion and order dated September 13, 1991, is affirmed.

Chief Justice

We concur:

Justices

May 12, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William Newton Rose
700 Conley Lake Rd.
Deer Lodge, MT   59722


James B. Obie
Dept. of Corrections and Human Services
1539-11th Ave.
Helena, MT   59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy