NO. 93-002

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

KENNETH SUISTE,

    Defendant and Appellant.

FILED

OCT 26 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Billy B. Miller, Miller & Cook,
        Great Falls, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Barbara C. Harris, Assistant Attorney General,
        Helena, Montana; Patrick L. Paul, Cascade
        County Attorney, Deborah Kim Christopher, Deputy
        Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  May 13, 1993

Decided:  October 26, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant Kenneth Suiste appeals from an order of the Eighth Judicial District Court, Cascade County, revoking his suspended sentence for sexual intercourse without consent and designating him as a dangerous offender without the possibility of parole.

We reverse and remand.

Defendant raises two issues on appeal.

1. Did the District Court err by designating defendant a dangerous offender pursuant to § 46-18-404(4), MCA (enacted in 1989), when the original crime occurred in 1979?

2. Did the District Court err when it determined defendant to be ineligible for parole?

In 1979, the Cascade County Attorney's Office charged Suiste with sexual intercourse without consent. The District Court imposed a ten-year suspended sentence on the condition that Suiste obey all rules and regulations of adult probation and parole services. Suiste committed a series of sexual related offenses in Washington, California, and Idaho, and spent time incarcerated in each of those states.

In 1982, Suiste was arrested in Flagstaff, Arizona. In January 1983, the Cascade County Attorney's Office issued a bench warrant charging Suiste with violating the terms of his suspended sentence. Arizona authorities extradited Suiste to Cascade County, where authorities placed him in jail. After a six month

incarceration, the court dismissed Suiste's parole violation and he was released from jail.

In February 1984, Suiste was arrested and convicted of providing alcohol to a minor in Cascade County. He received a $500 fine and a six-month suspended sentence. In 1985, authorities arrested and charged Suiste with assault. He was placed in jail, but released after he posted a $2000 bail bond. Later, he failed to appear and bail was forfeited.

In 1985, the Cascade County Attorney's Office filed a petition to revoke Suiste's suspended sentence. Because he was incarcerated in California for homicide, Suiste did not enter the jurisdiction of the Eighth Judicial District Court until November 1992.

On November 23, 1992, the District Court held a revocation of sentence hearing. After the hearing, the District Court revoked the suspended sentence, designated Suiste a dangerous offender, and stated that he was ineligible for parole. Suiste appeals from the order.

Did the District Court err by designating Suiste a dangerous offender pursuant to § 46-18-404(4), MCA (enacted in 1989), when the original crime occurred in 1979?

Article I, Section 10, of the United States Constitution and Article II, Section 31, of the Montana Constitution prohibit the legislature from passing ex post facto laws. This Court has stated that:

> [A]ny statute which punishes as a crime an act previously committed, which was innocent when done: *which makes more burdensome the punishment for a crime, after its commission,* or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*

State v. Leistiko (1992), 256 Mont. 32, 36, 844 P.2d 97, 99-100 (quoting Beazell v. Ohio (1925), 269 U.S. 167, 169-70, 46 S. Ct. 68, 70 L. Ed 216-17). Banning ex post facto legislation served two purposes: (1) it entitled people to a fair warning of what conduct is punishable; and (2) it prevented federal and state governments from passing arbitrary and potentially vindictive laws. Leistiko, 844 P.2d at 100.

To determine whether a statute violates the ban on ex post facto legislation, we use a two-part test. First, the law must be retrospective in nature: that is, if it "changes the legal consequences of actions committed before its effective date." Leistiko, 844 P.2d at 100 (citing Miller v. Florida (1987), 482 U.S. 423, 430, 107 S. Ct. 2446, 2451, 96 L. Ed. 2d 351, 360-61). Second, it must disadvantage the offender affected by it, which is to say, that the law must be more burdensome than the previous law. Leistiko, 844 P.2d at 100, (citing Dobbert v. Florida (1977), 432 U.S. 282, 294, 97 S. Ct. 2290, 2299, 53 L. Ed. 2d 344, 357).

Suiste argues that at the time he was sentenced in 1979, § 46-18-404, MCA, did not authorize the District Court to designate him a dangerous offender when he was already designated nondangerous. At the time of the revocation hearing,

4

§ 46-18-404(4) MCA, did authorize the District Court to designate him as a dangerous offender. Suiste maintains that the effect of the designation is to increase his punishment, therefore, the statute violates the ban on ex post facto legislation.

The original. statute under which Suiste was sentenced was § 46-18-404, MCA (1978). The statute provided that:

(1) The sentencing court shall designate an offender a nondangerous offender for purposes of parole eligibility for parole under part 2 of chapter 23 if:

(a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed: or

(b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society.

(2) A conviction or incarceration may not be considered under subsection (l)(a) if:

(a) the offender was less than 18 years of age at the time of the commission of the present offense; or

(b) the offender has been pardoned for the previous offense on the grounds of innocence or the conviction for such offense has been set aside in a postconviction hearing.

Prior to the time of Suiste's revocation, the Legislature added two more subsections to the statute. Those subsections gave the district courts additional guidance and authority when designating a convicted individual dangerous or nondangerous:

5

(3) If the court determines that an offender is a dangerous offender, it shall make that determination as part of the sentenced imposed and shall state the determination in the judgment. Except as provided in subsection (4), if the sentence and judgment do not contain a determination that the offender is a dangerous offender, the offender is considered to have been designated as a nondangerous offender for purposes of eligibility for parole.

(4) If an offender is given a probationary sentence that is subsequently revoked, the court may make the determination of whether the offender is a dangerous or nondangerous offender at the time of the revocation proceeding.

Section 46-18-404 MCA, (1991).

Subsection 4 gives the District Court authority to make a determination of dangerous status at the revocation hearing. on the other hand, subsection 4 did not **exist at** the **time** of Suiste's sentencing in 1979. A designation as a dangerous offender would mean that Suiste must serve one-half of his sentence, minus good **time**. Section 46-23-201(2), MCA. We have held that when an offender is not expressly designated nondangerous he must serve one-half of his sentence, minus good time. Rose v. McCormick (1992), 253 Mont. 347, 349, 834 P.2d 1377, 1378. Suiste was not expressly designated nondangerous at the time of his sentencing. In Rose, we also stated that the statute in effect at the time the offender was sentenced is the applicable sentencing statute. See also, State v. Gone (1978), 179 Mont. 271, 280, 587 P.2d 1291, 1297. We hold that, like the offender in Rose, Suiste is entitled to sentencing under the applicable statute at the time of his original sentencing. We reverse the revocation order and remand

6

for sentencing under the statute in effect at the time of Suiste's original sentencing.

As a result of our holding on issue one, we need not discuss issue two.

We reverse and remand for proceedings not inconsistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

October 26, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Billy B. Miller
Miller & Cook
600 Central Plaza, Ste. 300
Great Falls, MT 59401

Hon. Joseph P. Mazurek, Attorney General
Barbara C. Harris, Assistant
Justice Bldg.
Helena, MT 59620

Patrick L. Paul, County Attorney
Deborah Kim Christopher, Deputy
Cascade County Courthouse
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy