No. 95-475

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

NICK LENIER WILSON,

    Defendant and Appellant.

FILED

OCT 31 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William F. Hooks, Appellate Defender, Helena,
        Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General; Micheal
        Wellenstein, Assistant Attorney General, Helena,
        Montana

        Mitchell A. Young, Deputy County Attorney, Polson,
        Montana

Submitted on Briefs:  August 1, 1996

Decided:  October 31, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant Nick Wilson (Wilson) was convicted and sentenced in the Twentieth Judicial District Court, Lake County, for burglary and felony theft. The court designated Wilson a dangerous offender for purposes of parole eligibility and reserved the right to impose additional conditions of probation to his suspended sentence. Wilson appeals his dangerous offender designation and the court's reservation of right to impose additional conditions to his sentence.

We order stricken the dangerous offender designation and the District Court's reservation of right to impose additional conditions and affirm the remaining provisions of the District Court's judgment and sentence.

The dispositive issues presented for review are:

1. Did the District Court have the authority to designate Wilson a dangerous offender pursuant to § 46-18-404, MCA (1993), which was in effect at the time Wilson committed his underlying offenses, but had been repealed before his conviction and sentencing?

2. Did the District Court possess the statutory authority to reserve the right to add conditions of probation to Wilson's suspended sentence?

FACTS

The facts of this case are undisputed. Nick Wilson was charged in the Twentieth Judicial District Court, Lake County, with burglary and felony theft committed on January 21, 1995. On March 29, 1995, the State filed its notice of intent to seek to have Wilson sentenced as a persistent felony offender. The notice included copies of judgments of Wilson's two prior Montana felony

convictions--forgery in Missoula County in December 1992, and burglary in Ravalli County in June 1993.

The Legislature repealed § 46-18-404, MCA (1993), on April 12, 1995 (see 1995 Mont. Laws, ch. 372, § 12). On May 16, 1995, following trial, a jury found Wilson guilty of burglary and felony theft. A presentence investigation report revealed that Wilson had committed four prior felony offenses, including the burglary and theft convictions contained in the State's persistent felony offender notice.

The District Court held a sentencing hearing on June 14, 1995. At the hearing, the State recommended that Wilson receive a sentence of fifty years with ten years suspended for the burglary and a sentence of fifty years with ten years suspended for the felony theft. The State also recommended that the court designate Wilson a dangerous offender.

The District Court sentenced Wilson to the Montana State Prison for fifty years with ten years suspended for burglary and fifty years with ten years suspended for felony theft, the sentences to run concurrently. Regarding Wilson's parole eligibility, the court stated, "[T]he defendant is designated as a dangerous offender based upon the Pre-sentence Report and the prior offenses of the defendant."

The court explained Wilson's sentence by stating:

The reasons for the sentence are that the defendant has committed four prior felonies. He has demonstrated an absolute unwillingness to comply with the rules and conditions of society. He is a danger to society.

3

The District Court entered a written judgment on June 16, 1995. As reasons for its sentence, the District Court noted Wilson's four prior felonies and the fact that he "has demonstrated no desire to conform to the rules of society and represents a danger to society." The court also ordered that Wilson's suspended sentence be subject to numerous conditions, but reserved the right to impose additional conditions of probation.

## DISCUSSION

1. Did the District Court have the authority to designate Wilson a dangerous offender pursuant to § 46-18-404, MCA (1993), which was in effect at the time Wilson committed his underlying offenses, but had been repealed before his conviction and sentencing?

The District Court's decision that it was entitled to designate Wilson a dangerous offender is a question of law. We review questions of law to determine if the district court's interpretations are correct. State v. Long (1995), 274 Mont. 228, 236, 907 P.2d 945, 950.

Wilson argues that the District Court lacked the statutory authority to designate him a dangerous offender pursuant to § 46-18-404, MCA (1993), because that statute was repealed by the 1995 Legislature before he was sentenced. The State counters that the law in effect at the time of the commission of a crime controls as to the possible sentence, citing State v. Finley (Mont. 1996), 915 P.2d 208, 221, 53 St.Rep. 310, 320, and State v. Azure (1978), 179 Mont. 281, 282, 587 P.2d 1297, 1298. Wilson argues that Finley does not apply because § 46-18-404, MCA (1993), was repealed,

4

rather than amended, between the time he committed his underlying offenses and was sentenced.

A district court's authority to sentence a criminal defendant is defined and constrained by statute. We have repeatedly held that a district court has no power to sentence in the absence of specific authority. Long, 907 P.2d at 950 (citing State v. Hatfield (1993) 256 Mont. 340, 346, 846 P.2d 1025, 1029).

We have also held that the law in effect at the time of the commission of the crime controls as to the possible sentence. Azure, 587 P.2d at 1298. In Azure, the defendant appealed from a sentence imposed following his conviction for mitigated deliberate homicide. The amended statute eliminated or delayed his parole eligibility. We held that the application of statutes enacted after the offense had been committed was ex post facto. Azure, 587 P.2d at 1298.

In State v. Suiste (1993), 261 Mont. 251, 255, 862 P.2d 399, 402, we held that the ban on ex post facto laws entitled the defendant to be sentenced under the statute in effect at the time of his original sentencing. In Rose v. McCormick (1992), 253 Mont. 347, 349, 834 P.2d 1377, 1378, we held that a defendant had to serve one-half of his sentence before becoming eligible for parole because he was not designated a nondangerous offender according to the statute in effect at the time of his sentencing. We clarified these holdings in Finley, concluding that we had reached the correct conclusion in both cases, because "the statutes in effect at the original sentencings were the same statutes that were in

5

effect at the time the crimes were committed." Finley, 915 P.2d at 221.

In Finley, the defendant committed his underlying offense on August 20, 1989. At that time, § 46-18-404, MCA (1979), did not grant a district court authority to defer the designation of an offender as dangerous or nondangerous. In 1989, the Legislature amended § 46-18-404, MCA (1979), to allow a district court to defer a dangerous or nondangerous designation. The amendment became effective on October 1, 1989. We held that the District Court did not have the authority to defer Finley's dangerous designation because the version of the statute in effect when Finley committed his crimes did not grant such authority. Finley, 915 P.2d at 222.

The facts of this case are distinguishable from the authority offered by either the State or Wilson. In Azure, the defendant was sentenced according to a statute not in effect at the time the underlying offense was committed. This violated the ban on ex post facto legislation. That is not the situation here. Section 46-18-404, MCA (1993), was in effect on January 21, 1995, when Wilson committed burglary and theft. The District Court sentenced Wilson according to the provisions of a statute which was in effect at the time he committed his underlying offenses, but was repealed before sentencing.

Likewise, Suiste and Rose are distinguishable from Wilson's situation. In Suiste and Rose, the sentencing statutes in effect at the time of the defendants' original sentencings were identical to the ones in effect at the time the defendants committed their

6

underlying offenses. See Finley, 915 P.2d at 221. In Wilson's case, the version § 46-18-404, MCA (1993), in effect at the time he was sentenced was different from the version in effect when he committed his underlying offenses.

Finley is not analogous to Wilson's situation. Although the general rule is that the law in effect at the time of the commission of the crime controls at sentencing, Finley, 915 P.2d at 221, this rule applies when the law, although amended, is still in effect at sentencing. The rule announced in Finley does not address situations, such as Wilson's, where a sentencing statute has been repealed between the date a defendant commits his offense and the date he is sentenced. In Finley, the dangerous offender statute was amended to create an enhanced punishment between the date of the commission of the defendant's underlying offense and the defendant's sentencing. In Wilson's case, the dangerous offender statute was repealed and could result in a mitigated punishment.

The issue raised by Wilson, while one of first impression in Montana, has been addressed elsewhere. In In re Estrada (Cal. 1966), 408 P.2d 948, the California Legislature amended a statute which reduced the time a defendant had to spend in prison before becoming eligible for parole. The statutory amendment became effective after the defendant had committed his underlying criminal offense, but before the defendant's trial, conviction, and sentencing. The Supreme Court of California held that the

defendant was entitled to be sentenced according to the ameliorative terms of the amended statute. Estrada, 408 P.2d at 951.

In reaching its conclusion, the Supreme Court of California focused on two issues. First, it determined the legislative intent of the amended statute. The court concluded:

> When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.

Estrada, 408 P.2d at 951.

Second, the court explained why it could reach its conclusion despite the provisions of Section 3 of the Penal Code[1] and Section 9608 of the Government Code[2], which arguably required the court to find that the Legislature intended the old law to apply. The language of Section 3 is identical to that of § 1-2-109, MCA, which states, "No law contained in any of the statutes of Montana is retroactive unless expressly so declared." Section 9608 of the

---

[1] Section 3 of the Penal Code provides that no part of the Penal Code "is retroactive, unless expressly so declared." Cal. Penal Code § 3 (West 1995).

[2] Section 9608 of the Government Code provides: "The termination or suspension (by whatsoever means effected) of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of a law so terminated or suspended, unless the intention to bar such indictment or information and punishment is expressly declared by an applicable provision of law." Cal. Gov't § 9608 (West 1995).

8

Government Code is also similar to the language of § 1-2-205, MCA, Montana's savings clause. Section 1-2-205, MCA, states:

> The repeal of any law creating a criminal offense does not constitute a bar to an indictment or information and the punishment of an act already committed in violation of the law so repealed unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act.

The Supreme Court of California opined that Sections 3 and 9608 did not apply to situations where an amended statute mitigates punishment and does not contain a savings clause. It stated:

> A reading of [section 9608] demonstrates that the Legislature, while it positively expressed its intent that an offender of a law that has been repealed or amended should be punished, did not directly or indirectly indicate whether he should be punished under the old law or the new one. As has already been pointed out, where the amendatory statute mitigates punishment and there is no savings clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed.

Estrada, 408 P.2d at 953 (emphasis added).

We find the reasoning of Estrada persuasive. Although Estrada discusses the effects of an amended statute which mitigates punishment, its reasoning also applies to a repealed statute, such as § 46-18-404, MCA (1993), which mitigates a defendant's sentence by eliminating his dangerous offender designation.

Section 1-2-205, MCA, refers only to the "law creating a criminal act," and does not apply to sentencing statutes. When the 1995 Legislature repealed § 46-18-404, MCA (1993), without a savings clause, it did not indicate under what law a defendant who committed a criminal offense prior to the repeal should be

9

punished. Absent such a savings clause, we are left in the same situation as Estrada.

We hold that when a sentencing statute:

> (1) is repealed between the date a defendant commits the underlying offenses and is sentenced; and
>
> (2) where the effect of the repeal lessens or ameliorates the defendant's punishment; and
>
> (3) where the repealer contains no savings clause;

the defendant is entitled to be sentenced according to the sentencing statute in effect on the date of sentencing.

When the District Court designated Wilson a dangerous offender, the statute authorizing that designation was repealed. Accordingly, there was a clear absence of statutory authority to impose the dangerous offender designation. Without statutory authority to impose the sentence that it did, the dangerous offender designation was unlawful and must be vacated. Long, 907 P.2d at 950; Hatfield, 846 P.2d at 1029.

Because we so hold, we need not address the issue of whether the District Court adequately explained the reasons for designating Wilson as a dangerous offender.

2.  Did the District Court possess statutory authority to reserve the right to add conditions of probation to Wilson's suspended sentence?

Wilson argues, and the State concedes, that the District Court lacked statutory authority to reserve the right to add conditions to Wilson's probation.

10

A district court has no power to impose a sentence in the absence of specific statutory authority. Hatfield, 846 P.2d at 1029; Long, 907 P.2d at 950. A condition not specifically authorized by statute will be reversed. Hatfield, 846 P.2d at 346; Long, 907 P.2d at 951.

A district court may not sentence a defendant to a term of imprisonment and reserve the right to impose additional restrictions during the defendant's probation. Conditions of a defendant's probation should be imposed at sentencing. If a court finds, after a hearing, that a defendant has violated the terms and conditions of a suspended sentence, the court may continue the suspended sentence with modified or additional terms and conditions. Section 46-18-203(7), MCA.

This case does not concern Wilson's violating the terms and conditions of his suspended sentence. Rather, the District Court engaged in piecemeal sentencing when it reserved the right to add conditions to Wilson's parole at a later date. We conclude that the District Court lacked the statutory authority at sentencing to reserve the right to impose additional conditions on Wilson's probation.

We therefore order stricken from the District Court's June 16, 1995, judgment that portion of Wilson's sentence where the District Court designated Wilson as a dangerous offender and reserved the right to impose additional conditions on his probation at a later

11

date.  The remaining provisions of the District Court's judgment and sentence are affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

12