No. 01-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 30

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

JERRY DANIELS, D.P.M.,

      Defendant and Appellant.


APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. BDC-99-246
The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Kevin E. Vainio, Butte, Montana

      For Respondent:

      Mike McGrath, Montana Attorney General, Kathy Seeley and Barbara C.
Harris, Assistant Attorneys General, Helena, Montana


Submitted on Briefs:  December 13, 2001

Decided:  February 25, 2003

Filed:


_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      A jury in the First Judicial District Court, Lewis and Clark County, found Jerry Daniels, D.P.M., guilty of felony theft of public assistance, and the District Court entered judgment against him.  Daniels appeals.  We affirm.

¶2      The issues are:

¶3      1.  Whether Daniels was properly charged with theft under § 45-6-301(4), MCA.

¶4      2.  Whether Daniels was properly charged and convicted under the definition of the offense in effect at the time he committed the crime.

¶5      In November of 1999, the State of Montana charged Daniels, a podiatrist practicing in Anaconda, Montana, with felony theft under § 45-6-301(4), MCA:

> A person commits the offense of theft when the person purposely or know-ingly obtains or exerts unauthorized control over any part of any public assistance provided under Title 52 or 53 by a state or county agency, regardless of the original source of assistance, by means of:
> (a)  a knowingly false statement, representation, or impersonation; or
> (b)  a fraudulent scheme or device.

At Daniels' October 2000 trial, the State presented evidence that between January of 1996 and June of 1999, Daniels billed a number of his Medicaid-eligible patients for custom orthotic shoe inserts which he did not provide to the patients, but for which he claimed and obtained Medicaid reimbursement.

¶6      The jury found Daniels guilty of theft and, as part of a special verdict form, that the total amount Medicaid paid for the claims for which Daniels was guilty was over $500.  The District Court deferred imposition of sentence for six years and ordered Daniels to pay

2

restitution of $10,587.26 to the Medicaid program and $4,955 to the court for witness costs. Daniels appeals.

Issue 1

¶7     **Was Daniels properly charged with theft under § 45-6-301(4), MCA?**

¶8     Daniels contends he should have been charged with Medicaid fraud under § 45-6-313, MCA, instead of theft under § 45-6-301(4), MCA. He asserts § 45-6-301(4), MCA, applies only to the theft of public assistance by recipients of those government benefits and argues income received by a physician for services and medical items cannot be "public assistance."

¶9     Daniels asserts this issue must be analyzed in accordance with the rules of statutory construction outlined in *State ex rel. Holt v. District Court*, 2000 MT 142, 300 Mont. 35, 3 P.3d 608. We disagree. As the dissent in *Holt*, ¶ 16, pointed out, the rules of construction outlined in that case are superfluous when statutory language is plain on its face. If the intent of the Legislature can be determined from the plain meaning of the words used, courts may not go further and apply other means of construction. *Spoonheim v. Norwest Bank Montana, N.A.* (1996), 277 Mont. 417, 420, 922 P.2d 528, 530.

¶10    Section 45-6-301(4), MCA, defines theft as purposely or knowingly obtaining unauthorized control over "any part of any public assistance provided under Title 52 or 53." Medicaid funds are part of public assistance provided under Title 53, MCA. *See* §§ 53-6-101 through -805, MCA. We conclude the statutory language is broad enough on its face to encompass obtaining or exerting unauthorized control over Medicaid funds.

3

¶11 Daniels points out that § 45-6-313, MCA, covers Medicaid fraud. However, when the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion. *State v. Smaage* (1996), 276 Mont. 94, 98, 915 P.2d 192, 194-95. We hold that Daniels was properly charged with theft under § 45-6-301(4), MCA.

Issue 2

¶12 **Was Daniels properly charged and convicted under the definition of the offense in effect at the time he committed the crime?**

¶13 The 1999 Montana Legislature amended § 45-6-301(7)(a) and (b), MCA (1999), to increase the threshold amount for felony theft from $500 to $1,000, with an effective date of October 1, 1999. Daniels argues that because the jury found him guilty of theft of over $500 in Medicaid funds, but made no finding that the value exceeded $1,000, he should be sentenced only for a misdemeanor.

¶14 The State contends Daniels waived this argument by failing to present it to the District Court and failing to offer an alternative verdict form to the court. Daniels replies that he was not required to submit any verdict form, and his counsel would have done him a disservice by failing to accept the State's verdict form which he believed allowed only for a misde-meanor conviction. He points out that, at sentencing, he objected to being sentenced for a felony. Under these circumstances, we will consider the issue.

¶15 Daniels relies on *State v. Wilson* (1996), 279 Mont. 34, 926 P.2d 712, in his argument on this issue. In that case, we held that when a sentencing statute is repealed between the

4

date a defendant commits an offense and the date the defendant is sentenced, the effect of the repeal lessens or ameliorates the defendant's punishment and the repealer contains no savings clause, the defendant is entitled to be sentenced according to the sentencing statute in effect on the date of sentencing. *Wilson*, 279 Mont. at 40, 926 P.2d at 716.

¶16    Value is an element of the offense of felony theft, and must be proven to support the charge. *See State v. Furlong* (1984), 213 Mont. 251, 255-56, 690 P.2d 986, 988. As a result, when the 1999 Legislature increased the value required to support a charge of felony theft, it changed the definition of the offense, not a sentencing statute. Therefore, *Wilson* does not control.

¶17    Persons alleged to have committed criminal offenses must be charged with violating the law in effect at the time the crime was committed. *See State v. Cline* (1976), 170 Mont. 520, 532, 555 P.2d 724, 732. Furthermore, a change in the definition of an offense does not affect acts committed prior to the effective date. "The repeal of any law creating a criminal offense does not constitute a bar to an indictment or information and the punishment of an act already committed in violation of the law so repealed unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act." Section 1-2-205, MCA. Although Daniels argues modification of the definition of felony theft is distinguishable from repeal of the prior felony theft statute, he provides no support for making a distinction between the effects of modification and repeal for this purpose.

¶18    We hold that Daniels was properly charged and convicted under the definition of the offense of felony theft in effect at the time he committed the crime.

5

¶19 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE