JUSTICE NELSON
dissents.
¶16 The trial court’s sentencing order in this case is absolutely clear. Wright was to be “punished by imprisonment in the Montana State Prison at Deer Lodge, Montana, for the term of SEVENTY-FIVE (75) YEARS.” As the majority concedes, in June of 1996, at the time Wright was sentenced-and at the time he committed his crime on or about August 7, 1995- there was no other adult male correctional facility other than the Montana State Prison at Deer Lodge, and that is where the District Court ordered Wright to serve his sentence.
¶17 The governing law is equally clear. The law in effect at the time of the commission of the crime controls as to the possible sentence. State v. Azure (1978), 179 Mont. 281, 282, 587 P.2d 1297, 1298; State v. Stevens (1995), 273 Mont. 452, 455, 904 P.2d 590, 592; State v. Brister, 2002 MT 13, ¶ 26, 308 Mont. 154, ¶ 26, 41 P.3d 314, ¶ 26.
¶18 For these reasons, Wright must serve his sentence at the Montana *180 State Prison at Deer Lodge. That is what the District Court ordered, and the law in effect at the time Wright committed his crime and was sentenced required that Wright be incarcerated at the Montana State Prison. Accordingly, the Department of Corrections has no authority under the trial court’s sentencing order and under our jurisprudence to remove Wright from the Montana State Prison to some other correctional facility.
¶19 I disagree with the majority’s analysis and the decision.' The discussion and analysis are irrelevant, given the trial court’s sentencing order and our case law requiring application of the law in effect in August 1995. The Court’s decision ignores both and, as a consequence, we reach the -wrong result.
¶20 I would reverse and order the trial court to grant the writ of prohibition. I dissent from our refusal to do so.
CHIEF JUSTICE GRAY and JUSTICE COTTER join in the foregoing dissent.