FILED

June 9 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0553

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 197N

KEVIN T. MURPHY,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte Silver Bow, Cause No. DV 08-128
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kevin T. Murphy (self-represented); Deer Lodge, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Tammy Plubell,
Assistant Attorney General, Helena, Montana

          Robert McCarthy, Butte Silver Bow County Attorney; Mike Clague,
Deputy County Attorney, Butte, Montana

Submitted on Briefs:  May 13, 2009

Decided:  June 9, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kevin T. Murphy (Murphy) appeals from an order of the Second Judicial District Court, Butte Silver Bow County, denying his petition for postconviction relief. We affirm.

¶3 The State charged Murphy with attempted deliberate homicide and robbery in March 1997. Murphy pled guilty to attempted deliberate homicide under a plea agreement, and was sentenced on December 12, 1997, to the Department of Corrections (DOC) for 25 years with 13 years suspended, subject to conditions, pursuant to § 46-18-201(1)(e), MCA (1995). On November 8, 2002, while still serving the DOC commitment, Murphy filed a petition for a writ of habeas corpus arguing that although the District Court lawfully sentenced him under the 1995 version of § 46-18-201(1)(e), MCA, in 1997 the legislature amended the statute to limit a DOC commitment to five years. Murphy asked this Court to strike his original sentence, substitute a five year sentence, and release him from custody since he had already served over five years. On December 10, 2002, this Court denied Murphy's petition, concluding that § 46-18-

2

201(1)(e), MCA (1997), included a savings clause that clearly expressed a legislative intent that the former law control when the State initiated criminal proceedings before the amended statute's effective date of July 1, 1997.

¶4 Murphy completed his DOC commitment on January 31, 2004, and was released to begin serving his 13-year suspended sentence. On April 12, 2007, Murphy admitted some probation violations when the State petitioned to revoke his suspended sentence. On August 9, 2007, the District Court revoked the suspended portion of Murphy's sentence and committed him to the DOC for 13 years. Murphy again filed a petition for a writ of habeas corpus challenging the legality of his sentence. Murphy claimed that the 1999 amendments to § 46-18-201(3)(d)(i), MCA, limited his DOC commitment to five years, since that statute contained no savings clause. This Court concluded that the writ of habeas corpus is not a substitute for the remedy of direct appeal, and pursuant to § 46-22-101(2), MCA, the remedy of habeas corpus was not available to attack the legality of an order revoking a suspended sentence. On March 31, 2008, Murphy filed a petition for postconviction relief from the sentence originally imposed in 1997, which the District Court denied on September 26, 2008.

¶5 Murphy argues in this appeal that § 46-18-201(3)(d)(i), MCA (1999), limits his DOC commitment to five years since he began serving the suspended portion of his sentence in 2004 and the District Court revoked that suspended sentence and imposed a new sentence in 2007. His argument thus depends on whether the District Court imposed a new sentence in 2007 or was modifying an existing sentence.

3

¶6     This Court reviews a district court's denial of a postconviction relief petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶7     "The law in effect at the time of the crime controls as to the possible sentence." *State v. Stevens*, 273 Mont. 452, 455, 904 P.2d 590, 592 (1995). Similarly, the revocation statute in effect at the time of the crime controls upon reinstatement of a revoked suspended sentence. *State v. Brister*, 2002 MT 13, ¶ 26, 308 Mont. 154, 41 P.3d 314.

¶8     Here the sentencing law in effect at the time Murphy committed his crime was § 46-18-201(1)(e), MCA (1995), which permitted committing a convicted defendant to county jail, state prison, or DOC without limitation on the duration of the sentence. The revocation statute in effect was § 46-18-203(7), MCA (1995), which provides that when a court finds that a defendant has violated terms and conditions of a suspended sentence, the court may continue the suspended sentence, modify or add terms and conditions, or "revoke the suspension of sentence and require the defendant to serve either the sentence imposed or any lesser sentence . . . ." Thus, the District Court complied with § 46-18-203(7)(c), MCA (1995), when it revoked the suspended portion of Murphy's sentence and committed him to the DOC for 13 years. The District Court did not impose a new sentence in 2007, but rather modified Murphy's existing sentence in accordance with the law in effect at the time he committed his crime in 1997. Had the court known in 1997 that the legislature would later restrict DOC commitments to five years, it could have opted to sentence Murphy to 25 years in prison with all but 13 years suspended. Instead

4

the court gave Murphy the possibility of not having to serve his time in prison as permitted by the law in effect at the time. We conclude that the District Court's conclusions of law regarding the denial of Murphy's petition for postconviction relief were correct.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issue is clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE