

DA 13-0806

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 146N

STEVEN DALE ROBB,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.


APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV-13-85
Honorable Ray Dayton, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

          Steven Dale Robb, self-represented, Deer Lodge, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

          Lewis K. Smith, Powell County Attorney, L. Jeanine Badanes, Deputy County Attorney, Deer Lodge, Montana


               Submitted on Briefs:  May 14, 2014
                      Decided:  June 3, 2014


Filed:

               _____
                          Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In October 1997, Steven Robb committed the felony offenses of burglary and aggravated assault (Docket No. CDC-97-372). He was sentenced in April 1998 to 20 years for burglary and 10 years for assault. The sentences were to run concurrently and be served at Montana State Prison (MSP). Robb was paroled in February 2005. His parole was revoked in October 2010 and he returned to MSP. In April 2011, he escaped from prison but was captured on June 2, 2011, and returned again to MSP to continue serving his sentences for burglary and assault. At that time he was scheduled to discharge his sentences on February 12, 2018.

¶3 On July 5, 2011, Robb was charged with escape and theft, both felonies, as well as misdemeanor criminal mischief. He initially pled not guilty but on December 20, 2011, he changed his plea to guilty (Docket No. DC-11-46). On August 28, 2012, Robb was sentenced to 5 years suspended for the theft charge, and 5 years in prison with partial suspension for the escape charge. These sentences were to run consecutively to Robb's earlier sentence for burglary and assault.

¶4 On September 3, 2013, Robb filed a petition for postconviction relief with the Third Judicial District Court, Powell County, seeking credit for the 452 days he spent in prison

2

between his capture on June 2, 2011, and his sentencing for the escape charge on August 28, 2012. The District Court denied his petition and Robb appeals.

¶5 Robb maintains that § 46-18-403, MCA, imposes a mandatory duty on the court to grant his request for time served. Section 46-18-403(1), MCA, provides:

> A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

¶6 Robb claims that "escape" is a bailable offense for which he received a sentence of imprisonment, thereby qualifying him for credit for time served under the statute. However, Robb acknowledges that the 452 days for which he seeks credit were being served toward his 1998 burglary and assault sentences in CDC-97-372, and not toward the sentences imposed under DC-11-46.

¶7 We have addressed and resolved this issue previously in *State v. Kime*, 2002 MT 38, 308 Mont. 341, 43 P.3d 290. Kime was arrested in November 2000 on criminal offenses committed while participating in a supervised release program associated with an earlier conviction for which he had been sentenced to 10 years, with 5 years suspended. He was placed in the Gallatin County jail on the charges and remained in jail from November 26, 2000, to December 5, 2000, when DOC transported him to MSP to continue serving time for his earlier conviction. Kime was sentenced for his November 2000 offenses on April 2, 2001. He requested credit for time served from November 26, 2000, until April 2, 2001. The district court denied his request for all but 20 days credit. He appealed, presenting the same argument as Robb. We affirmed the district court, holding "a defendant's sentence

3

may be credited with the time he . . . was incarcerated only if that incarceration was directly related to the offense for which the sentence is imposed." *Kime*, ¶ 16. *See also State v. Pavey*, 2010 MT 104, ¶ 22, 356 Mont. 248, 231 P.3d 1104.

¶8      At no time between Robb's re-incarceration on June 2, 2011, and his sentencing on August 28, 2012, was he serving time under his escape/theft charges in DC-11-46. That time was being served on the burglary and assault convictions. As we held in *Kime*, he is not entitled to credit for time served on a prior sentence. The District Court did not err in denying Robb's petition.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶10      Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE