FILED

March 31 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0626

DA 14-0626

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 96N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

BRYCE ALLAN SCHOLZ,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-11-0479
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Bryce Allan Scholz, self-represented, Deer Lodge, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General; Helena, Montana

      John Parker, Cascade County Attorney; Joshua Racki, Deputy County
Attorney; Great Falls, Montana

Submitted on Briefs:  March 4, 2015
Decided:  March 31, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Bryce Allen Scholz appeals from the denial of his motion for credit toward his sentence for time served in jail. In June 2011, Scholz was sentenced to four years with the Department of Corrections, all suspended, for felony theft (First Offense). Scholz was arrested on September 24, 2011, after violating his probation. While awaiting his revocation hearing, Scholz was charged by complaint with another felony theft (Second Offense) on December 4, 2011.

¶3 After his revocation hearing on December 14, 2011, Scholz was sentenced to the Montana State Prison for four years and was transported there 12 days later. Because Scholz had been unable to post bail while awaiting the revocation hearing, he was given credit for 80 days of time served toward his new sentence for the First Offense.

¶4 On March 6, 2012, Scholz pled guilty to the Second Offense and was committed to the Department of Corrections for a term of 4 years, to be served concurrently with his sentence for the First Offense. The court granted Scholz credit for 10 days served, the time spent in jail between the charging of the Second Offense and revocation sentencing for the First Offense. Scholz subsequently filed a motion seeking credit for the time he

2

spent in jail and prison between the dates he was charged and sentenced for Second Offense—a total of 92 days, arguing that he was entitled to this credit because his sentences were ordered to run concurrently. The District Court denied the motion, mistaking it to mean that Scholz sought to apply the same 80 days of credit that had been granted on the First Offense to the Second Offense as well. The District Court's mistake is demonstrated by its statement that "[t]he Defendant is not entitled to time served in [First Offense] prior to the charge in this case." From this order Scholz appeals.

¶5 We review sentences beyond one year of incarceration for legality only. *State v. Hornstein*, 2010 MT 75, ¶ 9, 356 Mont. 14, 229 P.3d 1206. We review "whether the court adhered to the affirmative mandates of the applicable sentencing statutes." *State v. Ariegwe*, 2007 MT 204, ¶ 174, 338 Mont. 442, 167 P.3d 815. Despite the District Court's mistake regarding the basis of Scholz's argument, we affirm the denial of his motion.

¶6 Section 46-18-403(1), MCA, provides that a "person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction . . . ." However, as we stated in *State v. Kime*, 2002 MT 38, ¶ 16, 308 Mont. 341, 43 P.3d 290, "a defendant's sentence may be credited with the time he or she was incarcerated only if that incarceration was directly related to the offense for which the sentence is imposed." (*see also State v. Pavey*, 2010 MT 104, ¶ 22, 356 Mont. 248, 231 P.3d 1104 ("In other words, it appears

3

that during the time period in question, he would have been incarcerated . . . regardless of the filing of the new charges . . . .")).

¶7    Here, Scholz argues he was entitled to credit for the days spent in jail and prison prior to his sentencing for the Second Offense. Although the District Court misunderstood Scholz's request, Scholz is not entitled to relief. "The Court will affirm the district court when it reaches the right result, even if it reaches the right result for the wrong reason." *State v. Betterman*, 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971. During the 92-day period between the charge and sentencing for the Second Offense, Scholz was serving time for the First Offense, a matter not "directly related" to the offense for which he seeks credit. This case is wholly consistent with *Kime*, which addressed credit for time served prior to sentencing. Credit for time served toward concurrently served, or merged, sentences, "does not apply to a sentence before [the sentence] is imposed." *State v. Tracy*, 2005 MT 128, ¶ 29, 327 Mont. 220, 113 P.3d 297. The District Court's denial of the motion was appropriate.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and controlled by settled law, which the District Court correctly interpreted.


/S/ JIM RICE


4

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA