FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0494

DA 14-0494

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 306N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DANNY SARTAIN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DC-08-86B
                 Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Danny Sartain (self-represented); Deer Lodge, Montana

       For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
            Attorney General; Helena, Montana

            Marty Lambert, Gallatin County Attorney; Bozeman, Montana

Submitted on Briefs:  September 23, 2015
Decided:  October 20, 2015

Filed:

                                     _____
                                         Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Before addressing our reasoning for affirming the District Court, we review Sartain's background in this case. In 2009, Danny Sartain was found guilty of burglary, designated a persistent felony offender, and sentenced to forty years in the Montana State Prison (MSP). He appealed that conviction to this Court. We affirmed. *State v. Sartain* (*Sartain I*), 2010 MT 213, 357 Mont. 483, 241 P.3d 1032. The U.S. Supreme Court denied Sartain's petition for a writ of certiorari. *Sartain v. Montana*, 562 U.S. 1237, 131 S. Ct. 1514 (2011). Sartain then filed a petition for postconviction relief, raising primarily ineffective assistance of counsel (IAC) claims. The District Court dismissed Sartain's petition with prejudice and we affirmed. *Sartain v. State* (*Sartain II*), 2012 MT 164, 365 Mont. 483, 285 P.3d 407. On March 29, 2013, Sartain filed a Petition for Performance of Fingerprint Analysis and Testing. The District Court denied Sartain's petition with prejudice. Sartain appealed and we affirmed the District Court. *State v. Sartain*, 2013 MT 372N.

¶3 Now, Sartain filed a Motion for Credit for Time Served on May 22, 2014, in the Eighteenth Judicial District requesting credit for 384 days of incarceration toward the

2

Gallatin County burglary sentence. The District Court determined that Sartain was jailed on unrelated offenses and denied the motion on July 22, 2014. We affirm.

¶4 Sartain was arrested for burglary of a Bozeman home on March 25, 2008. On April 1, 2008, Sartain posted bond and was released. The day after he was released on bond for the burglary charge, Sartain was taken into custody by his parole officer in Butte for parole violations related to his previous two-count burglary conviction in Flathead County. Sartain was held at MSP on the Flathead County parole violation throughout the prosecution of the Gallatin County burglary charge.

¶5 On appeal, Sartain argues that he should be given credit for the time served at the MSP while he was in custody awaiting trial and sentencing for the Gallatin County charges. Sartain's reasoning is that under § 46-18-403(1), MCA, his imprisonment on the parole violation was in direct correlation to the Gallatin County charges. He argues that this credit should be allocated toward the new Gallatin County sentence. The State counters that Sartain was incarcerated in the interim pursuant to the Flathead County parole violation which was not directly related to the Gallatin County burglary charges. The State maintains that Sartain would have been incarcerated for violating parole on the Flathead County convictions regardless of whether he was charged with burglary in Gallatin County.

¶6 This Court reviews sentences beyond one year for legality only to determine "whether the court adhered to the affirmative mandates of the applicable sentencing statutes." *State v. Hornstein*, 2010 MT 75, ¶ 9, 356 Mont. 14, 229 P.3d 1206 (citation omitted).

¶7 Credit for incarceration prior to conviction is governed by § 46-18-403, MCA, which states "(1) A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered." In *State v. Kime*, 2002 MT 38, 308 Mont. 341, 43 P.3d 290, we determined that the purpose of § 46-18-403(1), MCA, is to eliminate the disparity of treatment between indigent and non-indigent defendants. However, we found that the "purpose [of the statute] is not served by crediting a defendant's sentence for time served where the defendant would not have been released from custody had he or she been able to post bail in any event as a result of being held on a sentence related to an earlier offense." *Kime*, ¶ 15.

¶8 In *Kime*, Kime was arrested for felony theft, DUI, and driving with a suspended license, and was incarcerated at the Gallatin County Detention Center. At the time of his arrest, Kime was participating in a supervised release program as part of his sentence on a prior felony assault arrest. Kime was removed from supervised release and was taken into custody at the MSP to serve the remainder of his prior sentence. Kime requested that credit for his time served be allocated to his new charges. The District Court denied Kime's request for credit for time served towards his new felony arrest and we affirmed holding "a defendant's sentence may be credited with the time he or she was incarcerated only if that incarceration was directly related to the offense for which the sentence is imposed." *Kime*, ¶ 16.

¶9 In this case, Sartain posted bond on the new burglary charges and was released from custody on bail in Gallatin County. One day later, he was taken into custody by his parole officer on a separate parole violation issue. Sartain's argument that the parole violation is directly related is incorrect because the revocation proceeding is related to the Flathead County burglary charge, not the second Gallatin County burglary charge. Similar to the defendant in *Kime*, Sartain was serving a sentence on a prior crime when he committed a new crime which brought new charges and an eventual sentence. Just like in *Kime*, crediting Sartain with the time he requests would not serve the purpose of § 46-18-403, MCA, because he was properly "being held on a sentence related to an earlier offense." Section 46-18-403(1), MCA; *Kime* ¶ 15.

¶10 We conclude that the District Court correctly determined Sartain's sentence. The District Court did not abuse its discretion when it denied Sartain's motion for credit for time served.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

5

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA