FILED

January 19 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0222

DA 15-0222

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 17N

KELLY S. WICKHAM,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DC-98-067(A)
                    Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Kelly Wickham, Self-Represented, Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
                Attorney General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, Kalispell, Montana

                            Submitted on Briefs:  December 2, 2015
                                    Decided:  January 19, 2016

Filed:

                                      _____
                                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kelly Scott Wickham appeals pro se from an order issued by the Eleventh Judicial District Court, Flathead County, denying his motion for credit for time served. We affirm.

¶3      We address the following issue on appeal: whether the District Court[1] erred by denying Wickham's request that he be given credit for time served.

¶4      On March 26, 1998, the District Court sentenced Wickham to the Montana State Prison (MSP) for a term of 10 years, all suspended, for Bail Jumping. On December 16, 2004, the Twentieth Judicial District Court, Lake County, sentenced Wickham to the MSP for a term of 20 years, with 10 years suspended, after he pled guilty to Burglary and Robbery. On June 17, 2005, the State filed a petition in District Court to revoke Wickham's suspended sentence for Bail Jumping, alleging that Wickham violated the conditions of his suspended sentence by committing the additional offenses in Lake County. The same day, the District Court granted the State's petition and issued a warrant for Wickham's arrest. On September 1, 2005, the District Court resentenced

---

[1]  "District Court" refers to the Eleventh Judicial District Court, Flathead County, unless expressly stated otherwise.

2

Wickham for Bail Jumping to the Montana Department of Corrections for a term of 10 years, with 5 years suspended. Wickham again violated the terms of his suspended sentence in 2010.

¶5 On February 2, 2015, Wickham filed a motion in District Court requesting that he be given credit for time served toward his Bail Jumping sentence. Wickham maintained that he should be credited with 617 days for time he apparently served awaiting trial on the Burglary and Robbery charges in Lake County between March 18, 2003, and December 15, 2004.[2] The District Court denied Wickham's motion, concluding that it would be inappropriate under § 46-18-403(1), MCA, to award him credit for time served in Lake County when his incarceration in Lake County was entirely unrelated to Bail Jumping. The court explained that the State did not file its petition to revoke Wickham's sentence for Bail Jumping until June 17, 2005.

¶6 On appeal, Wickham renews his argument that he should be given credit for time served in Lake County between March 18, 2003, and December 15, 2004. Pursuant to § 46-18-403(1), MCA, a "person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction . . . ." We have previously explained that under § 46-18-403(1), MCA, "a defendant's sentence may be credited with the time he or she was incarcerated only if that incarceration was directly related to the offense for which the sentence is imposed." *State v. Kime*, 2002 MT 38, ¶ 16, 308 Mont. 341, 43 P.3d 290.

---

[2] The record does not include the dates Wickham was actually incarcerated in Lake County. We will assume that Wickham is correct that he was incarcerated in Lake County between March 18, 2003, and December 15, 2004.

Here, Wickham's incarceration in Lake County between March 18, 2003, and December 15, 2004, was not related to Bail Jumping. The State did not file its petition to revoke his suspended sentence until June 17, 2005, well after his incarceration in Lake County. Therefore, the District Court did not err by declining to credit Wickham's sentence with the time he was incarcerated on the unrelated charges of Burglary and Robbery.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶8 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA

4