

FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0235

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0235

CLIFFORD OLD HORN,[1]

Petitioner,

v.

LYNN GUYER, Warden,[2]
Montana State Prison,

Respondent.

FILED

NOV 10 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Clifford Old Horn has filed a petition for a writ of habeas corpus, requesting various forms of relief. In compliance with this Court's May 4, 2020 Order, the Attorney General for the State of Montana has filed a response addressing the singular argument about additional credit for time served and requesting that his petition be denied.

The State provides more details about Old Horn's sentencing background. In February 2006, the Twentieth Judicial District Court, Lake County, sentenced Old Horn to the Department of Corrections (DOC) for twenty years with fifteen years suspended for felony burglary, a common scheme. The District Court also imposed two suspended ten-year terms for felony theft and felony deceptive practices, to run concurrently with each other and consecutively to the DOC commitment. The court awarded Old Horn 165 days of credit for time served.

In April 2010, the State charged Old Horn with deliberate homicide. On September 2, 2010, Old Horn discharged the custodial portion of his burglary sentence but

---

[1] Old Horn is sometimes spelled as OldHorn and Old-Horn. *See State v. Old-Horn*, 2014 MT 161, 375 Mont. 310, 328 P.3d 638.

[2] Since the filing of this petition, Jim Salmonsen is the current Acting Warden for Montana State Prison.

remained incarcerated because of his recent homicide charge. In June 2011, a Lake County jury convicted Old Horn of deliberate homicide. The District Court sentenced him to the Montana State Prison (MSP) for 100 years with credit of 364 days for time served. While Old Horn's criminal case was on appeal, this Court remanded the matter to the District Court for an evidentiary hearing. *State v. Old-Horn*, No. DA 11-0709, Order (Mont. Nov. 7, 2012). The District Court vacated the deliberate homicide charge. *State v. Old-Horn*, No. DA 11-0709, Order (Mont. Jan. 20, 2013).

Old Horn was released from custody on February 13, 2013. Four days later, he was arrested and held because of alleged probationary violations. The District Court sentenced Old Horn upon revocation to the DOC for a fifteen-year term with no time suspended. The court stated that Old Horn will receive credit for time served but not for time on probation. In its written judgment, however, as the State points out in its response, the court awarded Old Horn 388 days instead of 38 days from February 17 to March 27, 2013. Old Horn applied for review with the Sentence Review Division. The Division reduced the DOC commitment to a fifteen-year term with ten years suspended, to run concurrently with, not consecutively to, his other suspended sentences. The credit for time served of 388 days remained unchanged.

In March 2018, the District Court revoked Old Horn's ten-year suspended sentence and imposed a ten-year DOC commitment with five years suspended.

Old Horn states that he is entitled to credit for jail time served for his 2005 offense of burglary and its subsequent revocations. Old Horn requests jail time credit from September 2, 2010 to August 31, 2011. He claims that he has served eleven-and-a-half years in prison instead of ten years. Next, he contends that his sentence is illegal because the oral pronouncement does not conform with the written judgment. Lastly, he contends that the Board of Pardons and Parole (Board) erred in denying him parole and that the Board violated his due process rights because it considered his dismissed case. Old Horn requests a remand, a sentence recalculation, and his release.

The State responds that Old Horn has not met his burden of sufficient legal cause for a writ to issue. *Miller v. Eleventh Judicial Dist.Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207,

2

154 P.3d 1186. The State points out the court's apparent clerical error in its written judgment for awarding 350 additional days of credit and contends that Old Horn is taking advantage of the error in seeking more credit. The State argues that Old Horn is not entitled to additional credit for time served. The State maintains that credit for time served for incarceration must be "directly related to the offense for which the sentence is imposed." *State v. Kime*, 2002 MT 38, ¶ 16, 308 Mont. 341, 43 P.3d 290 (*overruled on other grounds by State v. Herman*, 2008 MT 187, ¶ 12, 343 Mont. 494, 188 P.3d 978). The State concludes that Old Horn is not due any additional time.

The State points out that the additional time Old Horn seeks is during the time frame when he was incarcerated for the deliberate homicide conviction that was later dismissed. The State explains that the time frame at issue is the 364 days from September 2, 2010, to August 31, 2011. The State correctly asserts that this time would not be directly related to any pre-trial detention for Old Horn's burglary conviction because it was the time that he was held for the deliberate homicide offense. *Kime*, ¶ 16. The State further points out that the sentences for these offenses never were imposed to run concurrently and, thus, the sentences did not merge. *See State v. Tracy*, 2005 MT 128, 327 Mont. 220, 113 P.3d 297 (concurrent sentences merge).

We find the State's arguments persuasive. Old Horn has not demonstrated that he is entitled to habeas corpus relief. Section 46-22-101(1), MCA. We agree with the State that he is not entitled to additional credit for time served. As evidenced in Old Horn's attached letter to his petition, the MSP Records Department has given all the credit that was awarded in his judgments.

Turning to his remaining arguments, we conclude that they lack merit. Old Horn contends his sentence is illegal because he has served about eleven-and-a-half years for burglary. Old Horn also contends that his sentence is illegal because the oral pronouncement does not conform with the written judgment. Old Horn seems to be mistaken. Old Horn originally received a twenty-year sentence with five years suspended for felony burglary. Based upon his probationary violations, the sentence has been revoked twice. Both the 2018 Minute Entry and the written Judgment provide that Old Horn is

3

_____

_____

_____
Justices

sentenced upon revocation to a ten-year term with five years suspended, given credit for seventy-nine days, and recommended for NEXUS. Any additional time is not warranted given the windfall resulting from the mistaken 388 instead of 38 days of credit. Old Horn cannot include any additional time, such as the 364 days served for the later-dismissed homicide conviction, in his calculation. The time Old Horn has served in prison does not exceed the sentence imposed.

Finally, Old Horn is not entitled to relief based on the Board's denial of parole. This Court has stated repeatedly that the Board has broad authority to consider all evidence and matters, even dismissed cases. *McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P.3d 200; § 46-23-208(4), MCA. "Moreover, [it] may consider evidence of offenses which were charged in dismissed counts." *McDermott*, ¶ 20. The Board did not err in considering Old Horn's dismissed criminal case. "It is well established that a parole release determination is not subject to all the due process protections required to convict or confine." *McDermott*, ¶ 11. Old Horn's due process rights were not violated.

Old Horn has not served an illegal sentence for burglary, and he has not shown that the Board erred in its denial of parole. Old Horn has not demonstrated that he is illegally incarcerated. We conclude that he is not entitled to remand, recalculation, or his release. Moreover, he is precluded from challenging his sentence upon revocation through a writ of habeas corpus. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that Old Horn's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Clifford Old Horn personally.

DATED this 10 day of November, 2020.

_____
Chief Justice

_____

4