ORIGINAL

FILED

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0409

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0409

FILED

AUG 1 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WESLEY W. CHARLO,

Petitioner,

v.                                                          ORDER

BOB OLSON, START,

Respondent.

Wesley W. Charlo has filed a Petition for Writ of Habeas Corpus, indicating that he is due additional jail time credit. Charlo states that the Missoula County District Court sentenced him to a ten-year suspended term in two criminal cases on November 12, 2020. Charlo explains that on March 15, 2020, he was extradited to Clark County, Nevada, where he sat for two months before his return to Montana. He requests the time spent in a Nevada jail as well as a week in the Kingman, Arizona jail credited to his sentence from Missoula County. He adds that since then, the court revoked his sentence on February 17, 2022.

Charlo provides no supporting documents or legal authority for his requests. A Petitioner, such as Charlo, "has the burden of presenting to this Court a record that is sufficient to make a prima facie showing . . . ." *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Charlo has not presented a prima facie case for habeas corpus relief.

Moreover, Charlo points to no legal authority to reach into another state and apply jail time credit to a sentence issued in Montana. "The sentencing court must determine for what charge the defendant was being detained and if the charge is bailable." *State v. Parks*, 2019 MT 252, ¶ 13, 397 Mont. 408, 450 P.3d 889 (citations omitted).

Available electronic records indicate that Charlo received credit for time served in the court's sentencing judgments upon revocation for the cases he references. The District Court awarded 611 days of credit for time served in Cause No. DC-19-476, and the court

awarded 467 days of time served in Cause No. DC-20-268. Both sentences run concurrently, and this award of credit would merge upon sentence calculation. *State v. Tracy*, 2005 MT 128, ¶ 28, 327 Mont. 220, 113 P.3d 297. Here, the District Court considered Charlo's prior credit for time served and increased it with his sentences upon revocation.[1] *See also* § 46-18-403(1), MCA.

Charlo has not demonstrated an illegal sentence or illegal incarceration. Section 46-22-101(1), MCA. Charlo is further precluded from challenging his sentences upon revocation through this remedy of habeas corpus. Section 46-22-101(2), MCA. Charlo is not entitled to additional jail time credit or habeas corpus relief. Therefore,

IT IS ORDERED that Charlo's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to: counsel of record; Bob Olson, S.T.A.R.T; and Wesley W. Charlo personally.

DATED this 16th day of August, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

---

[1] On December 21, 2020, the Missoula County District Court awarded 336 days of jail time credit in each of his original sentencing judgments.

2