FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0029

DA 21-0029

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 201

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JOSE LUIS PERALTA,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-15-272C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Pete Wood, Attorney at Law, Boise, Idaho

       For Appellee:

       Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

       Marty Lambert, Gallatin County Attorney, Bjorn E. Boyer, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  September 7, 2022

Decided:  October 18, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Jose Peralta appeals his Eighteenth Judicial District Court sentence for a DUI fourth offense. Peralta argues that the District Court violated prohibitions against ex post facto application of law when it counted his 1990 DUI conviction towards his 2015 DUI sentence. Although we find no ex post facto violation, we reverse nonetheless because Peralta is entitled to the expungement provision in effect at the time he committed the underlying offense. We reverse the felony conviction and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    In October 2015, the State charged Peralta with DUI third offense—a misdemeanor. The State later amended Peralta's charge to DUI fourth offense—a felony—based on Peralta's three prior Texas DUI convictions in 1990, 1999, and 2003.

¶3    Peralta moved the District Court to amend the felony back to a misdemeanor. Peralta alleged that his first DUI conviction, from 1990, should be expunged from his record as a matter of law because he committed the underlying offense in 1988 and had not committed another DUI offense within five years after his 1990 DUI conviction, in accordance with § 61-8-714(5), MCA (1987). The State argued that Peralta could not receive the benefits of the expungement provision from § 61-8-714(5), MCA (1987), because Peralta was convicted in 1990 after the 1989 amendment removing the expungement provision from § 61-8-714(5), MCA (1987), took effect.

¶4    The District Court agreed with the State. It concluded that the version of the statute in effect at the time Peralta committed his offense in 1988 "clearly indicate[d]" that there

2

could be no use of the expungement provision without a defendant first having a conviction to expunge. Therefore, defendants who committed underlying offenses prior to the 1989 amendment but who were not convicted until after the 1989 amendment took effect were not entitled to the benefits of the expungement provision.

¶5 Peralta subsequently pleaded guilty to DUI fourth offense for his 2015 DUI, reserving the right to appeal. The District Court sentenced Peralta in accordance with DUI felony sentencing statutes. Peralta requests that this Court vacate the felony judgment and remand for a new sentence.

## STANDARD OF REVIEW

¶6 The interpretation and application of a statute are questions of law that we review for correctness. *City of Missoula v. Fox*, 2019 MT 250, ¶ 8, 397 Mont. 388, 450 P.3d 898 (citations omitted). "Whether the *ex post facto* clauses of the federal and Montana Constitutions are implicated in charging a criminal offense is a question of law. Therefore, our review is plenary; we simply determine whether the District Court's interpretation of the law is correct." *State v. Brander*, 280 Mont. 148, 150-51, 930 P.2d 31, 33 (1996) (emphasis in original) (citations omitted).

## DISCUSSION

¶7 The Montana Legislature enacted § 61-8-714(5), MCA, in 1981. The following provision was in effect from 1981 until October 1, 1989:

> An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction. If there has been no additional conviction for an offense under this section for a period 5 years after a prior

conviction hereunder, *then such prior offense shall be expunged from the defendant's record.*

Section 61-8-714(5), MCA (1981) (emphasis added). The 1989 Legislature amended § 61-8-714(5), MCA, effective October 1, 1989. The amendment removed the expungement provision and replaced it with the following language shown in italics:

> An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction. If there has been no additional prior conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, *then all records and data relating to the prior conviction are confidential criminal justice information as defined in 44-5-103 and public access to the information may only be obtained by district court order upon good cause shown.*

Section 61-8-714(5), MCA (1989) (emphasis added).

¶8 Peralta argues that the District Court violated prohibitions against ex post facto application of law when it determined that his 1990 DUI conviction was not eligible for expungement because Peralta was not convicted prior to the 1989 amendment taking effect. Therefore, he maintains, the District Court erroneously held that the 1990 DUI conviction could count towards Peralta's 2015 DUI, raising it from a third offense misdemeanor to a fourth offense felony. Peralta contends that the District Court, by counting his 1990 DUI conviction, subjected him to a different legal consequence for his 1990 DUI conviction and increased the burden associated with his 1990 DUI conviction by denying him expungement.

¶9 The State argues that the 1989 amendment merely "made unavailable the legislative grace of expungement" when the conviction was entered after the new version took effect. It argues that removing the "legislative grace of expungement" did not change the legal

4

consequences of Peralta's offense, for which he was sentenced appropriately under the law in effect at that time. Therefore, the District Court did not violate prohibitions against ex post facto application of law when it considered Peralta's 1990 DUI conviction towards his 2015 DUI sentence. The State contends that this Court already rejected a similar ex post facto argument in *Brander*.

¶10 Article I, Section 10, of the United States Constitution and Article II, Section 31, of the Montana Constitution prohibit ex post facto laws. The ban on ex post facto laws gives people a fair warning of punishable conduct and prevents the passage of "arbitrary and potentially vindictive laws." *Brander*, 280 Mont. at 153, 930 P.2d at 35 (citation omitted).

> "Any statute which punishes as a crime an act previously committed, which was innocent when done; *which makes more burdensome the punishment for a crime, after its commission*[;] or which deprives one charged with a crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*.

*State v. Suiste*, 261 Mont. 251, 253, 862 P.2d 399, 400 (1993) (emphasis in original) (cleaned up) (quoting *State v. Leistiko*, 256 Mont. 32, 36, 844 P.2d 97, 99-100 (1992) (citation omitted)).

¶11 In *Leistiko*, this Court adopted a two-part analysis to determine when a law violates prohibitions against ex post facto laws. First, the law must change the legal consequences of actions a defendant committed prior to its effective date. *Leistiko*, 256 Mont. at 36-37, 844 P.2d at 100. Second, the law must impose a greater burden on the defendant than that imposed by the previous law. *Leistiko*, 256 Mont. at 36-37, 844 P.2d at 100.

¶12 In *Brander*¸ we addressed an issue similar to the one Peralta now raises. Brander moved to dismiss a DUI charged as a felony because he contended that § 61-8-714(6),

5

MCA (1995), violated prohibitions against ex post facto laws. *Brander*, 280 Mont. at 150, 930 P.2d at 32. In 1995, the Legislature "created a felony sanction for repetitive DUI offenders." *Brander*, 280 Mont. at 151, 930 P.2d at 33. A new subsection of § 61-8-714, MCA, added in 1995, made a fourth offense DUI a felony. Section 61-8-714(4), MCA (1995). This version also revised the method for counting previous DUI convictions towards a felony DUI:

> An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, *unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes.*

Section 61-8-714(6), MCA (1995) (emphasis added) (formerly subsection (5)).

¶13 Brander argued that the ex post facto clauses prohibited the trial court from using the 1995 version of § 61-8-714, MCA, to count his pre-1995 DUI convictions towards his current DUI offense to enhance it to a felony. *Brander*, 280 Mont at 150, 930 P.2d at 32. Brander maintained that counting his 1986 DUI conviction violated prohibitions against ex post facto application of law because it occurred while the expungement provision from § 61-8-714(5), MCA (1985), was in effect. *Brander*, 280 Mont. at 152, 930 P.2d at 34. He argued that "resurrecting" his 1986 DUI conviction made "more burdensome the punishment for the 1986 crime after its commission." *Brander*, 280 Mont. at 152, 930 P.2d at 34.

¶14 This Court disagreed, finding the ex post facto argument without merit. *Brander*, 280 Mont. at 155, 930 P.2d at 35. We concluded that the changes to § 61-8-714, MCA, in 1995 did not impose additional penalties for prior DUI convictions. *Brander*, 280 Mont.

6

at 154-55, 930 P.2d at 35. We reasoned that "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one[,]" does not violate prohibitions against ex post facto laws. *Brander*, 280 Mont. at 153-54, 930 P.2d at 35 (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). A statute that "operates on events antecedent to its effective date" does not automatically violate prohibitions against ex post facto laws. *Brander*, 280 Mont. at 154, 930 P.2d at 35 (quoting *State v. Coleman*, 185 Mont. 299, 314, 605 P.2d 1000, 1010 (1979) (citations omitted)). This Court reversed nonetheless because the trial court impermissibly counted towards his felony DUI the defendant's 1986 DUI conviction that should have been expunged in 1991. *Brander*, 280 Mont. at 157, 930 P.2d at 36.

¶15 We acknowledged that "[t]he distinction between a mandate to expunge an offense from the defendant's record and instructions to classify certain conviction records as confidential criminal justice information is significant." *Brander*, 280 Mont. at 156, 930 P.2d at 36. We explained, "a court cannot review expunged records because those records effectively do not exist, [but] a court is in no way restricted from reviewing criminal records simply because those records are classified as confidential." *Brander*, 280 Mont. at 156, 930 P.2d at 36. Because Brander's 1986 conviction "should have been expunged—i.e., destroyed—" five years later, the sentencing court should not have considered it. *Brander*, 280 Mont. at 157, 930 P.2d at 36.

¶16 Peralta takes the ex post facto analysis from *Brander* to argue that his issue is the ex post facto application of the 1989 amendment to his 1990 DUI conviction—not to his 2015 DUI sentence. Though worded differently, Peralta's claim is at odds with our

7

decision in *Brander*. Because he already has been sentenced and has served the sentence for his 1990 DUI conviction, it would not additionally punish Peralta for his 1990 DUI conviction for the District Court to possess the sentencing authority to consider prior convictions towards his 2015 DUI sentence. *See Brander*, 280 Mont. at 155, 930 P.2d at 36. This Court determined that "resurrecting" a prior DUI, even one that occurred before the 1989 amendment, did not violate prohibitions on ex post facto application of law. *Brander*, 280 Mont. at 155, 930 P.2d at 36. The increased consequence Peralta appeals applies to his 2015 DUI sentence, not to his 1990 DUI conviction.

¶17    Unlike Brander, however, Peralta was not convicted before the 1989 amendment took effect. *Brander*, 280 Mont. at 157, 930 P.2d at 37. We examine, therefore, whether the 1987 version of § 61-8-714(5), MCA, applies to Peralta's 1990 DUI conviction even though the statute did not affect his sentence for that offense. Did the District Court thus err when it counted a conviction that—for purposes of a repeat DUI offense—should no longer exist? If the 1987 version should apply to Peralta's conviction, then *Brander* makes clear that he would be entitled to expungement.[1] 280 Mont. at 157, 930 P.2d at 37.

¶18    The State argues that the date of conviction should control Peralta's eligibility to the expungement provision because the plain language of § 61-8-714(5), MCA (1987), first necessitates a conviction to then later expunge it. Therefore, offenses committed prior to the 1989 amendment for which judgment was not entered until after it took effect are not entitled to the expungement provision. Peralta argues that the State incorrectly interprets

---

[1] The State does not argue that if the 1987 version of the statute applies to Peralta's 1990 DUI conviction he failed otherwise to meet its requirements for expungement.

the statute because this Court's precedent supports his entitlement to the sentencing statute in effect at the time of his offense—not at the time of his conviction.

¶19 "[T]he law in effect at the time of the commission of the crime controls as to the possible sentence." *State v. Wilson*, 279 Mont. 34, 37, 926 P.2d 712, 714 (1996) (citation omitted). We have made clear that criminal defendants are "entitled to the benefit of the law in effect when the offense is committed, except to the extent that a later repeal or amendment of the law ameliorates or mitigates a sentence or punishment." *State v. Reams*, 284 Mont. 448, 454, 945 P.2d 52, 56 (1997). In *Reams*, we held that the expungement provision in § 61-8-714(5), MCA, that went into effect in 1981 was ameliorative:

> [T]o now limit the effect of the expungement provision to only those 'prior' DUI convictions entered during the time the expungement provision of § 61-8-714(5), MCA was in effect, October 1, 1981 until October 1, 1989 . . . goes against the rationale articulated in *Fitzpatrick* and *Wilson* and underlying our decision in *Brander*[.]

284 Mont. at 456-57, 945 P.2d at 57-58. We also determined that repealing the expungement provision was not ameliorative. *Reams*, 284 Mont. at 455, 945 P.2d at 57.

¶20 *Reams* demonstrates that we will apply a sentencing statute passed or amended after the date of offense only when it gives the defendant an ameliorative benefit. *See Reams*, 284 Mont. at 454, 945 P.2d at 56; *Wilson*, 279 Mont. at 37, 926 P.2d at 714. These decisions considered changes in statutes that would have impacted the sentence being imposed for an offense committed before the statute was changed. But they are firm that a defendant is entitled to the benefit of laws in existence at the time of the offense. We thus are unpersuaded by the State's argument that § 61-8-714(5), MCA (1987), required that a conviction be entered prior to 1989 to have the benefit of the expungement provision.

9

The State correctly argues that before a conviction could be expunged under § 61-8-714(5), MCA (1987), there had to be a conviction date from which to count five years to determine whether a defendant met the requirement for expungement. But this requirement exists in both versions of the statute and affects only the calculation of the expungement date, not which version applies to how or whether the underlying offense will be considered in the future.

¶21    When in 1988 Peralta committed the offense underlying his 1990 DUI conviction, the statute in effect was § 61-8-714(5), MCA (1987). The expungement provision in that statute was ameliorative compared to the 1989 amendment. We accordingly conclude that Peralta was entitled to the benefit of § 61-8-714(5), MCA (1987). Because Peralta's next DUI conviction did not occur until 1999, his 1990 DUI conviction should have been considered expunged in 1995, five years after his conviction was entered. *See Brander*, 280 Mont. at 157, 930 P.2d at 37; § 61-8-714(5), MCA (1987).

¶22    Our analysis in *Brander* thus resolves the issue. Peralta was entitled to have his 1990 DUI conviction considered expunged because he committed the underlying offense in 1988 when § 61-8-714(5), MCA (1987), was in effect, and he had no further DUI convictions for more than five years after the conviction date. "[B]y expunging an offense from the defendant's record, all traces of the criminal process relating to this offense are destroyed." *Brander*, 280 Mont. at 156, 930 P.2d at 36. Therefore, for purposes of Montana's DUI sentencing laws, Peralta's 1990 DUI conviction does not exist; it has been "destroyed" for the purposes of his criminal record and cannot be counted towards his 2015 DUI sentence. *See Brander*, 280 Mont. at 156, 930 P.2d at 36.

10

## CONCLUSION

¶23    The District Court erred when it considered Peralta's 1990 DUI conviction when sentencing for his 2015 DUI because his 1990 DUI conviction should have been expunged. The judgment is reversed, and the matter is remanded to the District Court to dismiss the felony and re-impose sentence in accordance with this Opinion.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

11