FILED

06/03/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0418

DA 24-0418

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 118N

BILLY JOE ROGERS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DV 24-21
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Billy Joe Rogers, Self-Represented, Tutwiler, Mississippi

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

      Debra Jackson, Mineral County Attorney, Superior, Montana

Submitted on Briefs:  May 14, 2025

Decided:  June 3, 2025

Filed:

_____
Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Billy Joe Rogers appeals from the May 1, 2024 order of the Fourth Judicial District Court, denying his petition for postconviction relief for being untimely. We affirm.

¶3 In 1990, Rogers was convicted of Sex Abuse Child Under 16 in Kootenai County, Idaho. Rogers subsequently moved to Montana. In 2016, he pleaded guilty to Failure to Register as a Sexual Offender, in violation of § 46-23-507, MCA, and Partner or Family Member Assault, in violation of § 45-5-206, MCA. The District Court sentenced Rogers to the Department of Corrections (DOC) for five years, all suspended, on the failure to register conviction. After Rogers violated conditions of his suspended sentence, the court revoked his sentence and imposed a new five-year suspended sentence on February 21, 2019. Upon further violations, the court again revoked his sentence and imposed a five-year sentence to DOC on November 20, 2019. Rogers did not appeal.

¶4 On May 1, 2024, Rogers filed a petition for postconviction relief, alleging ineffective assistance of counsel, prosecutorial misconduct, and his conviction for failure to register was unconstitutional, citing *State v. Peralta*, 2022 MT 201, 410 Mont. 316, 519 P.3d 5, and *State v. Hinman*, 2023 MT 116, 412 Mont. 434, 530 P.3d 1271, in support.

2

Rogers argued this was "newly discovered law (evidence)" he discovered on December 17, 2023.

¶5      The same day Rogers filed his petition, the District Court dismissed it as untimely. Rogers appeals, arguing his discovery of *Hinman*, was "newly discovered law (evidence)" making his petition timely under § 46-21-102(2), MCA.

¶6      Section 46-21-102, MCA, generally time-bars petitions for postconviction relief not filed within one year of the conviction becoming final.  Subsection (2) contains an exception:

> (2) A claim that alleges the existence of *newly discovered evidence* that, if proved and viewed in light of the evidence as a whole would establish that the petitioner *did not engage in the criminal conduct* for which the petitioner was convicted, may be raised in a petition filed within 1 year of . . . *the date on which the petitioner discovers*, or reasonably should have discovered, the existence of the evidence, whichever is later.

(Emphasis added.)

¶7      Rogers argues *Hinman*, is "newly discovered law (evidence)" entitling him to a normally out-of-time petition for postconviction relief.  However, "law" and "evidence" are not interchangeable.  Section 46-21-102(2), MCA, by its plain language, clearly applies only to *evidence* which establishes "the petitioner did not engage in the criminal conduct for which the petitioner was convicted."  *See Henderson v. State*, 2024 MT 253, ¶¶ 41–42, 418 Mont. 431, 558 P.3d 749 (§ 46-21-102(2), MCA, applies only to claims "based on newly discovered evidence of actual substantive innocence of guilt").

¶8      Rogers argues *Hinman* held his requirement to register as a sex offender automatically expired after ten years as a matter of law, and thus his 2016 conviction for

failure to register was unlawful. Although *Hinman* held that offenders who committed their offenses prior to 2007 cannot be subjected to the 2007 registration requirements, the 2005 registration requirements are still applicable to such offenders. *Clark v. State*, 2025 MT 87, ¶¶ 8, 10, 421 Mont. 429, ___ P.3d ___. Applying the 2005 registration laws to Rogers, he is required to register "for the remainder of the offender's life" unless he petitions the court and the court issues an order "relieving the offender of the duty to register" based on specific findings. Section 46-23-506(1), (3)(b), MCA (2005). The record does not show Rogers ever petitioned the court for relief of his duty to register under this statute. The law has never granted—nor does *Hinman* hold—automatic relief after 10 years of the duty to register. Without such relief after petition and court order, Rogers was still required to register in 2016 when he pleaded guilty to failing to register. Rogers presents no "newly discovered evidence" that establishes he "did not engage in the criminal conduct for which [he] was convicted." Section 46-21-102(2), MCA. As such, the petition for postconviction relief was untimely.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 The District Court is affirmed.

/S/ CORY J. SWANSON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE